# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN J. GABRYS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 12-6099 |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration | : | |
| Defendant. | : | |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                              **DECEMBER 14, 2012**

      Presently before this Court is Plaintiff, John J. Gabrys' ("Plaintiff"), Motion for the Appointment of Counsel. For the reasons set forth below, this Motion is denied.

## I.    BACKGROUND

      Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) appealing the decision of the Secretary of Health and Human Services denying him Social Security benefits. (Doc. No. 1.) On November 6, 2012, we granted Plaintiff leave to proceed in forma pauperis. (Doc. No. 5.) We now decide Plaintiff's Motion for the Appointment of Counsel.

## II.    DISCUSSION

###    A.    Appointment of Counsel and the <u>Tabron</u> Factors

      It is well settled that "indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." <u>Gordon v. Gonzalez</u>, 232 F. App'x 153, 156 (3d Cir. 2007) (quoting <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 498 (3d Cir. 2002)). However, a district court is empowered with the discretion to "request an attorney to represent any person unable to afford

counsel." 28 U.S.C. § 1915(e)(1). The court's decision whether to appoint counsel is to be given wide latitude and will only be overturned if its ruling is clearly an abuse of discretion. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

As a preliminary matter, the district court must first determine if the plaintiff's claim has arguable merit in fact and law. Upon a favorable finding, the court then proceeds to consider certain additional factors that bear on the necessity for the appointment of counsel. Id. at 155. These factors enunciated by the United States Court of Appeals for the Third Circuit ("Third Circuit") in Tabron include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. Montgomery, 294 F.3d at 499 (quoting Tabron, 6 F.3d at 155). This list is not exhaustive, nor is any one factor determinative. Parham v. Johnson, 126 F.3d 454, 458 (3d Cir. 1997).

As a threshold matter, we must ascertain whether Plaintiff's claims have arguable merit in fact and law. We find that they do not. Plaintiff attempted to attain counsel from five different attorneys. Plaintiff admits that two of these attorneys did not find merit in this case. (See Doc. Nos. 2 & 4.) Additionally, Plaintiff avers that the Legal Aid Society of Philadelphia did not find his case worthy of merit. (See Doc. No. 2.) We regard the failure to attain counsel by Plaintiff as indicative of the fact that his claims lack merit. See Johnson v. Stempler, 373 Fed. App'x 151, 155 (3d Cir. 2010) (affirming denial of counsel where five attorneys declined to represent plaintiff of which two of these rejections were based on the merits); Jackson v. Cnty. of McLean,

953 F.2d 1070, 1073 (7th Cir. 1992) (finding that though the willingness of counsel to take a case is not a perfect indicator of the meritoriousness of the action, it should be given "significant consideration" in order to sift out the "patently frivolous" claims). Nevertheless, with an eye toward fully developing the record, we proceed to analyze Plaintiff's Motion for the Appointment of Counsel in light of the factors set forth in Tabron.

      B.      **Applying the Tabron Factors**

Even if Plaintiff's claims were to bear arguable merit in fact or law, we find that the Tabron factors warrant the denial of Plaintiff's Motion for the Appointment of Counsel. We base our decision on the following analysis of the Tabron factors.

            1.      **The Plaintiff's Ability to Present His Own Case and the Difficulty of the Legal Issues**

The ability of a plaintiff to present his own case is arguably the most significant of the Tabron factors. Montgomery, 294 F.3d at 501. This determination is based on several criteria including plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English and access to resources necessary to proceed with the litigation (i.e., access to typewriter, telephone and computer). Tabron, 6 F.3d at 156; see also Parham, 126 F.3d at 459.

A review of the above factors, does not support the appointment of counsel. Plaintiff requests the Court to appoint an attorney on his behalf because he "does not perfectly know the law." (Doc. 1 at 2.) However, it is not necessary that plaintiffs have the skills and expertise of a trial lawyer; only that they possess the baseline abilities to adequately present their case. See Gorden v. Gonzalez, 232 F. App'x 153, 157 (3d Cir. 2007) (the decision point is not whether plaintiff is a trial lawyer). It is evident from Plaintiff's filings, in which he writes coherently, that

he possesses the baseline abilities to adequately present his case. Because this is an action pursuant to 42 U.S.C. § 405(g), it is solely a record review for which only written submissions are required. Gorrell v. Comm. of Soc. Sec., 449 Fed. App'x 176, 179 (3d Cir. 2011). As such, there will be no need to communicate orally with either the Court or witnesses. Id.

Furthermore, Plaintiff's claims do not involve any difficult or complex legal issues. See Tabron, 6 F.3d at 156 (noting where litigation involves complicated legal issues, courts should be "more inclined to appoint counsel"). This litigation is a routine review of a decision of the Secretary of Health and Human Services denying Social Security benefits to Plaintiff. Courts have found that these type of cases are not overly complex. See Kirkpatrick v. Astrue, No. 08-0407, 2008 WL 879407, at *1 (W.D. La. Mar. 31, 2008) (noting Social Security appeals are not unduly complex). In light of Plaintiff's abilities and aptitude, we believe that the legal issues are within his range of competence.

### 2. The Necessity and Ability of the Plaintiff to Pursue Factual Investigation

Courts must consider the extent of factual investigation necessary to prosecute a claim and the ability of the indigent plaintiff to pursue the investigation. Tabron, 6 F.3d at 156. Situations which are "likely to require extensive discovery and compliance with complex discovery rules" gravitate toward the appointment of counsel. Id. Since Plaintiff's action is a review of the record from a decision by the Secretary of Health and Human Services, we do not foresee the need for factual investigation. Nevertheless, we note that Plaintiff has no restraints on his ability to pursue such investigation if necessary.

### 3. The Plaintiff's Capacity to Retain Counsel on His Own Behalf

Counsel is not to be appointed where the plaintiff can easily afford and attain counsel. Id. at 157. In these cases, the court must recognize and preserve the "precious commodity" of volunteer legal advocates. Parham, 126 F.3d at 458. This is not a case where Plaintiff can afford counsel as he is proceeding in forma pauperis. However, as previously stated, Plaintiff readily admits that two attorneys and a non-profit legal aid organization declined to be of counsel because they did not find merit to his claims. Thus, we do not believe this case justifies siphoning attorneys from the limited pool of pro bono advocates. Id.

### 4. The Extent to Which this Case is Likely to Turn on Credibility Determinations and the Need for Expert Witness Testimony

Cases where adjudication relies solely on credibility determinations and where the cross-examination of expert witnesses is imperative favor the appointment of counsel. Lasko v. Watts, 373 F. App'x 196, 201-202 (3d Cir. 2010). This action is a review of a previous decision where only written submissions are permitted. Accordingly, this is not a case involving credibility determinations or expert witness testimony.

## III. CONCLUSION

Congress has entrusted the district courts with the judicial discretion to determine when to appoint counsel. See 28 U.S.C. § 1915(e)(1). In effectuating this responsibility, the Third Circuit developed an analytical framework to serve as a "guidepost" in these determinations. See Tabron, 6 F.3d at 155. Inherent in their decision, district courts must be mindful of the competing interests between the need to provide legal representation to effectively prosecute meritorious cases and the necessity of protecting the limited and "precious commodity" of

volunteer legal advocates. After careful analysis in light of <u>Tabron</u> and its progeny, we do not find that any factors weigh in favor of appointing counsel. This is not a complex case. It requires only the written submission of documents and no factual investigation or need to examine witnesses. Plaintiff can read, write and understand English, and his filings exhibit the baseline abilities to adequately prosecute his case. Consequently, Plaintiff's Motion for the Appointment of Counsel is denied.

      An appropriate Order follows.